**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **FINTIV, INC.,** § <br> § <br> v. § <br> § <br> **STMICROELECTRONICS, INC.** § <br> § § § § § § | **Case No. _____** <br><br> **Civil Action No.: 1:19-cv-01238-ADA** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF FINTIV'S
EXPEDITED MOTION TO COMPEL COMPLIANCE WITH SUBPOENA
DIRECTED TO NON-PARTY STMICROELECTRONICS, INC.**

Fintiv, Inc. ("Fintiv"), respectfully submits this memorandum of law in support of its motion to compel the production of documents and information by non-party STMicroelectronics, Inc. ("ST") in response to the subpoena *duces tecum* directed to ST, dated February 25, 2020 (the "Subpoena") in the underlying action pending in the Western District of Texas, *Fintiv, Inc. v. Apple, Inc.*, No.: 1:19-cv-01238-ADA (W.D. Tex.).

**I.    PRELIMINARY STATEMENT**

In February 2020, Fintiv served ST with a document subpoena seeking 11 discrete categories of documents and a deposition subpoena seeking testimony on 12 narrowly tailored topics. To date, ST has not produced a single document and refuses to present any witness for deposition despite the fact that it never filed a motion to quash or for protective order.

Fintiv worked with ST over the course of several weeks in an effort to obtain its compliance with the subpoenas at issue. Specifically, Fintiv has conferred with ST on at least two occasions concerning the Subpoena. However, ST still refused to comply. Now faced with a fact discovery

deadline of December 11, 2020, Fintiv has no choice but to seek expedited relief to obtain ST's compliance with the Subpoena.

## II. FACTUAL BACKGROUND

### A. The Underlying Litigation Between Fintiv and Apple

The underlying lawsuit in this action (*Fintiv, Inc. v. Apple, Inc.*, No.: 1:19-cv-01238-ADA (W.D. Tex.) is a patent infringement suit brought by Plaintiff Fintiv against Defendant Apple Inc. ("Apple"). Fintiv is the owner of United States Patent No. 8,843,125 ("the '125 Patent"), issued September 23, 2014 and titled "System and Method for Managing Mobile Wallet and its Related Credentials." *See* Ex. 1 (Subpoena Ex 1 (Fintiv's Second Amended Complaint) at ¶ 2). Fintiv asserts that Apple directly infringes the '125 Patent by making, using, selling, offering for sale, and/or importing infringing products (the "Accused Products")[1] – *i.e.*, Apple devices that utilize Apple Pay/ the Apple Wallet Application. (*Id.* at ¶ 16.) Fintiv further asserts that Apple indirectly infringes the '125 Patent by contributing to the infringement by others and/or inducing infringement by others. (*See id.* at ¶ 28.)

### B. The Subpoena Served on ST

Fintiv issued a Subpoena to Testify at a Deposition in a Civil Action (the "Subpoena") on third party ST on February 25, 2020. (Ex. 1.) The Subpoena includes both a request for testimony and production of documents. The Subpoena was served on ST's agent for service of process in Dallas, Texas. The Subpoena lists 12 topics on which it seeks oral testimony, and seeks

---

[1] Accused Products are defined in the Subpoena as "Apple Pay, Apple's Wallet Application, Apple iPhone devices (including, at least, iPhone 6, 6 Plus, 6s, 6s Plus, SE, 7, 7 Plus, 8, 8 Plus, X, XR, XS, XS Max, 11, and 11 Pro), Apple Watch devices (including, at least, Series 1, Series 2, Series 3, Series 4, and Series 5), Apple iPad devices (including, at least, iPad Air 2, and iPad Mini 3), Apple Mac devices (including, at least, Mac devices with Touch ID), Apple's related supporting infrastructure, and associated hardware and software. (Subpoena, Attachment A at 2.)

documents based on 11 requests. Fintiv decided to subpoena ST because reputable public sources lead Fintiv to believe that ST provides or provided chips for the Accused Products. On March 9, 2020, STMicroelectronics, Inc.[2] served its Responses and Objections (the "R&O's") to the Subpoena. (Ex. 2)  In response to each request, after listing a myriad of boilerplate objections lacking in specificity, ST stated it either did not have witnesses or would not be producing any documents. For each document request, ST responded that it "does not manufacture or design the Accused Products listed in the Subpoena or STMicro Chips referenced in this Request" and that "given the vagueness of the Request, ST is unable to conduct a reasonable or proportional search for documents or information in response to the Request regarding STMicro Chips" (with some slight variation on the ultimate wording depending on the request variation) (Ex. _). For each testimony topic, ST responded that "Subject to and without waiving the foregoing specific and general objections, ST responds that ST does not manufacture or design the Accused Products listed in the Subpoena or the STMicro Chips referenced in this Topic, and that given ST's inability to conduct a reasonable or proportional search in response to the Subpoena to Produce Documents, Information, or Objects with regard to STMicro Chips as written, it does not have a witness with knowledge of this Topic."  (Ex. _.)

ST's responses were originally served at the start of the COVID-19 pandemic and beginning of citywide stay-at-home orders on the West and East coasts. As a result of the pandemic, the discovery deadline in this litigation was extended (from April 23 to August 25,

---

[2] The Subpoena was served on STMicroelectronics, N.V., however STMicroelectronics, Inc. responded. ST made no objection related to this corporate distinction in its R&O's (and thus any such objection is waived). *In re DG Acquisition Corp.*, 151 F.3d 75, 81 (2d Cir. 1998) (Rule 45 "require[s] the recipient of a subpoena to raise all objections at once, rather than in staggered batches, so that discovery does not become a 'game.'"); *Ott v. City of Milwaukee*, 682 F.3d 552, 558 (7th Cir. 2012) (party responding to subpoena could not reserve right to object at later date);

2020). Upon review of ST's responses, and in light of the fact that those responses seemingly contradicted public sources, Fintiv requested a meet and confer to see if the parties could discuss, resolve any discrepancies or objections, and documents could be produced. In May 2020, Fintiv's counsel left a voicemail at the phone number provided for ST in their R&O's, requesting to speak to ST's counsel (since no counsel name or direct contact information was provided in its R&O's). After some back and forth, a meet and confer was scheduled for June 16, 2020. At this meet and confer, counsel for ST repeatedly expressed that the subpoena was generally overbroad, vague, and that she did not understand how the requested information related to Fintiv's patent infringement claims. Counsel for Fintiv advised ST's Counsel that, based on current information and belief, including public internet sources, ST provided chips for the Accused Products. Fintiv's Counsel provided a link to ST's Counsel via email to a website which supports Fintiv's understanding that ST provided chips for the Accused Products. Additionally, Fintiv's Counsel attempted to explain which exemplary patent claims the subpoena related to, while expressing that an in-depth understanding of the claims at issue was not required for ST to be able to produce responsive documents. Fintiv's Counsel narrowed the information Fintiv was requesting via the Subpoena for the sake of ongoing cooperation, by providing examples of the types of documents Fintiv was primarily seeking (at least in the first instance).[3] In response, ST's Counsel advised

---

[3] The below list is exemplary of the types of documents Fintiv is seeking to compel ST to produce via the Subpoena:
- Documents identifying all STMicro Chips containing a secure element that have been used in the Accused Products;
- Documents relating to all versions of GlobalPlatform specifications and/or standards that have been implemented in the STMicro Chips used in the Accused Products;
- Documents relating to all versions of EMV specifications and/or standards that have been implemented in the STMicro Chips used in the Accused Products;
- Documents relating to all versions of JCOP and Java Card OS specifications and/or standards that have been implemented in the STMicro Chips used in the Accused Products; and

that she would review the subpoena and the public source mentioning the ST chips, and conduct further internal search and discussion at ST to figure out if there were responsive materials to produce. The parties agreed to do a check in on ST's progress in two weeks.

On July 1, Fintiv's Counsel and ST's Counsel set up a check in call for July 2. During the July 2 call, it was apparent that ST's Counsel had not conducted an investigation for responsive materials since the last discussion. Indeed, ST's Counsel was not able to confirm whether or not ST provided Apple with chips that are used in the Apple devices for the Apple Wallet. ST also would not state whether the chips were manufactured by another company under the ST corporate umbrella. ST's Counsel insisted that she needed to understand more about the claims at issue despite having previously been directed to the specific relevant claims asserted in the litigation during the meet and confer held in June. At the end of the meet and confer, Fintiv's Counsel asked that ST provide an update in one week on progress. Fintiv's Counsel also advised ST's Counsel that if ST's R&O's were inaccurate, ST was required to amend its responses. ST's Counsel did not provide an update and has not provided any response as of the date of this motion, nor has ST amended its R&O's.

Fintiv believes that ST never intended to comply with the subpoena despite having the documents and information requested in its possession, custody, and control that are directly relevant to the patent litigation filed against Apple. In July 2020, Fintiv notified ST that it would be filing a motion to compel. However, within days of notifying ST it would move to compel its compliance, fact discovery in the case was temporarily stayed. Fact discovery has now resumed, and Fintiv is faced with a fact discovery deadline of December 18, 2020. On November 13, 2020,

---

- Source code (including source code for the applets) relating to the implementation of GlobalPlatform, EMV, JCOP, and Java Card OS specifications and/or standards that have been implemented in the STMicro Chips used in the Accused Products.

Fintiv contacted ST again in a hope to resolve this issue – proposing that ST simply amend its original Responses and Objections to address the seemingly contradictory public information, or provide a document custodian for a short (10-15 minute) deposition so Fintiv could ensure ST's diligence in its document search. Counsel for ST indicated that ST would not be willing to do either.

Fintiv has sought discovery from numerous other non-parties during the course of this litigation, ranging from multi-national banks and corporations to smaller entities. Some non-parties decided to produce documents outright, and some first moved to quash the subpoena. However, in each case so far, Fintiv and those non-parties, either on their own initiative or at the direction of the court, have been able to come to a resolution where the non-party produced a narrowed set of responsive documents. There is no reason that such an outcome should not occur here. Fintiv will be substantially prejudiced if ST is allowed to ignore its obligation to produce responsive documents and provide a witness with knowledge.[4]

Accordingly, Fintiv respectfully requests that the Court issue an order directing ST to comply with the Subpoena, so that Fintiv can effectively pursue its claims against Apple.

## III.  Request for Expedited Relief

Fintiv is moving to compel ST at last resort because it is not confident that ST will engage in good faith, produce documents, and a witness unless subject to a court order. However, after a stay of discovery in this case, the scheduling order for this case sets fact discovery to close on December 18, 2020 which is less than two weeks away. If this Motion to Compel and Enforce Subpoena is resolved in accordance with the conventional briefing timeline dictated by Local

---

[4] The Subpoena also requested deposition testimony, thus this Motion also seeks to compel compliance with the testimony element of the Subpoena, as Fintiv reserves the right to depose a witness if after reviewing the documents it believes testimony is necessary.

6

Rule 7.1, Fintiv would likely not receive documents until after the close of fact discovery. Fintiv therefore respectfully requests expedited resolution of this Motion to Compel Compliance with the Subpoena.

## IV. Motion to Compel Compliance

### A. Standard

The documents sought by Fintiv are relevant and proportional to the needs of the case. Federal Rule of Civil Procedure 26(b) governs the scope of discovery. The rule provides that "parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

As further clarified during the meet and confers between the parties (discussed *infra*, Section IV.B), Fintiv's requests are reasonably calculated to lead to the discovery of admissible evidence, including relevant technical documents and source code, which important at least to Fintiv's proof of infringement of claims 11 and 23. This information is highly probative and highly relevant to the issues in this matter, and well within the broad scope of Rule 26(b). Without meaningful access to this information, Fintiv will be lacking crucial information to prosecute its case against Apple.

Federal Rule of Civil Procedure 45 establishes, *inter alia*, nonparties' duties to respond to Subpoenas. Rule 45(a)(D) directs that a "command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding party to permit inspection, copying, testing, or sampling of the materials." Rule 45(c)(2)(B) further provides:

> A person commanded to produce documents or tangible things or to permit inspection may serve on the . . . attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials . . . If an objection is made, the following rules apply:
>> (i) *At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection ...*

(emphasis added).  ST served objections to the Subpoena pursuant to Fed. R. Civ. P. 45(d)(2)(B).

For the reasons discussed below, ST's boilerplate objections are contrary to the Federal Rules of Civil Procedure and controlling authorities, and ST should be compelled to produce responsive documents.

### B. ST's Boilerplate Objections are Unsupported

A non-party's Rule 45(d)(2)(B) objections to discovery requests in a subpoena are subject to the "same prohibition on general or boiler-plate objections and requirements that the objections must be made with specificity and that the responding party must explain and support its objections." *Am. Fed'n of Musicians of the United States & Canada v. Skodam Films, LLC*, 313 F.R.D. 39, 46 (N.D. Tex. 2015).  Thus, it is the resisting party's burden to show with specificity that each request is not relevant, unduly broad and burdensome, or otherwise objectionable.  *Carr v. State Farm Mut. Auto. Ins. Co.*, 312 F.R.D. 459, 463 (N.D. Tex. 2015) (A party resisting discovery must show how the requested discovery was overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden."); *see also S.E.C. v. Brady,* 238 F.R.D. 429, 437 (N.D. Tex. 2006) (In order to satisfy its burden, the objection party must make a specific, detailed showing of how a request is burdensome. . . . A mere statement by a party that a request is "overly broad and unduly burdensome" is not adequate to voice a successful objection."); *Samsung Elecs. Am., Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 285 (N.D. Tex. 2017) ("The basic allocation of the burden [under Rule 26(b) is] on the party resisting discovery to—in order to successfully resist a motion to compel— [that party must] specifically object and show that the requested discovery does not fall within Rule 26(b)(1)'s scope of relevance (as now amended) or fails the required proportionality calculation or is otherwise objectionable.").

ST responded to each request with a laundry list of nearly identical objections. None of these objections are sufficiently specific or give proper explanation connecting facts to the objections. *Heller v. City of Dallas*, 303 F.R.D. 466, 483 (N.D. Tex. 2014) ("So-called boilerplate or unsupported objections—even when asserted in response to a specific discovery request and not as part of a general list of generic objections preceding any responses to specific discovery requests—are likewise improper and ineffective . . . ."); *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1484-86 (5th Cir. 1990) (holding that simply objecting to requests as "overly broad, burdensome, oppressive and irrelevant," without showing "specifically how each [request] is not relevant or how each question is overly broad, burdensome or oppressive," is inadequate to "voice a successful objection").

Even if these generic objections were somehow sufficient on their face, they are no longer applicable after the meet and confers between Fintiv and ST's Counsel.[5] First, rather than standing entirely on the boilerplate objections, ST at the end of each response claims it does not manufacture the STMicro Chips described in the subpoena. As discussed in Section I, Fintiv provided information to ST during two meet and confers, including a public source which supports Fintiv's understanding that ST provides chips to Apple, seemingly contradicting ST's Subpoena responses about not manufacturing the chips described in the Subpoena. Thus, at a minimum, there is reason to believe the R&O's were submitted without a reasonable search, which ST was required to undertake in response to the Subpoena pursuant to Rule 45. *See* Federal Rules of Civil Procedure, Rules and Commentary Rule 45 ("When a subpoena requests documents, the recipient must

---

[5] Given that all of ST's objections are boilerplate and exhaustive, Fintiv does not believe it is necessary to respond to each individually. Instead, Fintiv addresses the objections specifically raised during the meet and confers (*i.e.*, the objections that the Subpoena is overly broad, unduly burdensome, vague, and does not seek relevant information).

9

undertake reasonable efforts to locate and produce them. In general, the scope of this duty is the same as it is for parties served with document requests under Rule 34. That is to say, just as a party must design and implement a search process reasonably designed to find the requested documents, so too must the recipient of a subpoena. Half-hearted and shoddy efforts will not do."). On that basis, ST was and is obliged to do an adequate search and cannot stand on such an objection.

Fintiv also fielded questions on the subpoena from ST's Counsel to clear up any confusion, substantially narrowed the scope of the document requests, and clarified how the materials requested are highly relevant to the litigation, including infringement issues. The materials requested, including relevant technical documents and source code, are important at least to Fintiv's proof of infringement of claims 11 and 23.[6] Fintiv also provided ST with specific examples of technical document categories that are responsive with respect to the claims. Rather than produce documents, as described *supra*, ST proceeded evasively. Fintiv now believes ST has no genuine intent to cooperate despite its obligation under the Federal Rules. *Andra Grp., LP v. JDA Software Grp., Inc.*, 312 F.R.D. 444, 450 (N.D. Tex. 2015) ("'[T]ransparency and collaboration is essential to meaningful, cost-effective discovery,' and a non-party's 'attempt to stand outside of these tenets because of its third-party status is unpersuasive.'") (citing *Apple, Inc. v. Samsung Electronics Co. Ltd.,* No. 12–CV–0630–LHK (PSG), 2013 WL 1942163, at *3 (N.D.Cal. May 9, 2013). Being a non-party or third party "does not confer a right to obfuscation or obstinacy" during discovery. *Id.* (citation omitted).

Thus, ST's generic, boilerplate objections to the Subpoena are not sufficient, especially in light of the subsequent meet and confers and the information that was provided to ST's Counsel.

---

[6] *Supra*, footnote 3.

The meet and confers reduced the scope, clarified subpoena terms, explained the requested information's relevancy, and even provided exemplary types of responsive technical documents. The narrowed and simplified subpoena imposes little burden on ST, especially compared to Fintiv's need and the importance of the information. Thus, the Court should compel ST to comply with the Subpoena.

## V. CONCLUSION

For the reasons set forth herein, the Fintiv respectfully requests that this Court enter an Order compelling ST to produce the documents requested by Fintiv in the Subpoena.

Dated: December 9, 2020

RESPECTFULLY SUBMITTED,

By: */s/ Constantine Z. Pamphilis*
Constantine Z. Pamphilis (Texas Bar No. 794419)
(Admitted in this District)
dpamphilis@kasowitz.com

**KASOWITZ BENSON TORRES LLP**
1415 Louisiana Street, Suite 2100
Houston, Texas 77002
Telephone: (713) 220-8852
Facsimile: (713) 222-0843

Jonathan K. Waldrop (CA Bar No. 297903)
(*pro hac vice application forthcoming*)
jwaldrop@kasowitz.com
Marcus A. Barber (CA Bar No. 307361)
(*pro hac vice application forthcoming*)
mbarber@kasowitz.com

**KASOWITZ BENSON TORRES LLP**
333 Twin Dolphin Drive, Suite 200
Redwood Shores, California 94065
Telephone: (650) 453-5170
Facsimile: (650) 453-5171

Jeffrey M. Tillotson
Texas Bar No. 20039200
jtillotson@tillotsonlaw.com
**TILLOTSON LAW**
1807 Ross Ave., Suite 325
Dallas, Texas 75201

(214) 382-3041 Telephone
(214) 292-6564 Facsimile

*Counsel for Plaintiff Fintiv, Inc.*

## CERTIFICATE OF CONFERENCE

I hereby certify that prior to filing the instant Motion, I conferred with Counsel for ST regarding the relief sought herein.  ST indicated it opposes the motion.

*/s/ Marcus A Barber*
Marcus A. Barber

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing document on all Parties and/or their counsel of record via personal service as follows:

Justin Cohen
Thompson & Knight LLP.
One Arts Plaza, 1722 Routh Street, Suite 1500
Dallas, TX  75201
214-969-1211

*/s/ Constantine Z. Pamphilis*
Constantine Z. Pamphilis